# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EL DORADO ENERGY, LLC, | |
| Plaintiff, | Case No. 2:12-cv-01316-GMN-PAL |
| vs. | **ORDER** |
| LARON, INC., | (Emg. Mot. Enlarge Depo Limit - Dkt. #57) |
| Defendant. | |

Before the court is Defendant Laron, Inc.'s Emergency Motion to Enlarge Deposition Limit Under Fed. R. Civ. P. 30 (Dkt. #57). The court has considered the Motion (Dkt. #57), supporting Affidavit of Kevin Bonner (Dkt. #58), Plaintiff's Opposition (Dkt. #59), and Defendant's Reply (Dkt. #61).

## BACKGROUND

The Complaint (Dkt. #1) in this case was filed July 16, 2012. It alleges that Plaintiff owned a 480 megawatt natural gas-fired combined cycled power plant in Boulder City, Nevada, in 2010, which provided clean, efficient energy to southwest markets. Complaint (Dkt. #1) ¶5. Defendant Laron, Inc. ("Laron") is an Arizona based construction contractor providing a variety of construction and maintenance serves to owners of industrial facilities. On August 30, 2010, El Dorado Energy, LLC ("El Dorado") selected Laron to provide certain construction services at the El Dorado plant. *Id*., ¶7. The parties executed a contract August 30, 2010, for Laron to perform work at the plant while the plant was shut down for routine maintenance. *Id*., ¶8. The work included the installation of new water piping and flow meters to the evaporated cooler portion of the inlet air filter for the Unit 2 combustion turbine. *Id*. On October 5, 2010, a Laron employee welded brackets for the flow meters. *Id*., ¶12. Plaintiff believes

the employee who was performing the welding work is not and was not a certified welder in October 2010. *Id*.

Laron was required to engage a "fire watch" while doing welding work, but did not do so. *Id*., ¶14. Laron also failed to follow standard safety standards and regulations. *Id*. After the welding was completed and the flow meters installed, smoke was detected coming from the interior of the filter. *Id*., ¶18. A fire occurred, was extinguished by Plaintiff, Defendant, and fire department personnel. *Id*., ¶19-20. The fire destroyed the filter. *Id.,* ¶20. Based on these allegations, Plaintiff has asserted claims for negligence, gross negligence, negligence per se, breach of contract, and tortious breach of contract. Plaintiff alleges it has suffered in excess of $5 million in damages.

In the current motion Laron seeks an order allowing it to exceed the ten deposition limit in Rule 30. The parties exchanged emails and letters outlining their positions in an attempt to resolve this matter without the court's intervention, but were unable to do so. Plaintiff refuses to consent to any depositions beyond the ten deposition limit of Rule 30. Plaintiff's initial disclosures identified seven employees it intended to call as witnesses at trial at the Rule 16 scheduling conference. Laron's counsel indicated he expected to take nine or ten fact depositions, based on the Plaintiff's initial disclosures of seven employees knowledgeable about this case. However, additional non-parties who participated in the construction of the new CT Evaporator need to be deposed. Laron expects to depose at least thirteen witnesses and Plaintiff's three experts.

On March 14, 2013, the parties filed a Joint Status Report (Dkt. #14) indicating that the parties anticipated taking fifteen to twenty additional depositions. Plaintiff did not indicate in the Stipulation to Modify the Case Management Order (Dkt. #46) that it would object to the depositions it knew Defendant intended to take. Defendant first learned of Plaintiff's objections in a phone call April 26, 2013, after the parties agreed to schedule four depositions of Plaintiff's employees in early-May. The motion identifies the four depositions that have been taken and the remaining depositions defense counsel intends to take if granted leave to exceed the Rule 30 ten deposition limit. The motion provides a brief description of each witness and the anticipated subject matter of their testimony. In addition to witnesses Defendant has identified by name, Defendant intends to take a Rule 30(b)(6) deposition of the Plaintiff on topics outlined in the motion.

1  Counsel for Laron argues there is good cause to depose each of the witnesses identified in the motion. The court should consider the factors listed under Rule 26(b)(2) in determining whether the additional depositions should be allowed. The discovery sought is not unreasonably cumulative or duplicative and may not be obtained from another more convenient, less burdensome, or less expensive source. Laron cannot obtain the information from the majority of these witnesses informally and needs to preserve the testimony of those who cannot be compelled to testify at trial. Laron represents that it does not intend to take cumulative or unnecessary depositions and has proposed delaying some depositions, which may become unnecessary based on other discovery. Additionally, several of the witnesses will only need a half day deposition. Given that this is a $5 million dispute, the nineteen depositions Laron requests is not unreasonable, and Laron may be able to limit the total number of depositions taken to thirteen.

Plaintiff opposes the motion arguing the Defendant has only taken four depositions in eight months and now seeks to vastly exceed its allotted number of depositions in the six weeks remaining before the discovery cutoff. Laron's "emergency" is therefore of its own making. Plaintiff also argues that the motion is procedurally improper because Defendant has not exhausted it's allotment of ten depositions before requesting to take additional depositions. Laron was aware by the end of January 2013, of the identity and breadth of knowledge of the Plaintiff employees it now seeks to depose as these witnesses were identified in numerous documents produced by Plaintiff in 2012. The involvement of six of the witnesses at issue in Defendant's motion was discussed at length during the depositions that counsel for Laron has taken in this case. These depositions were taken in late-January and early-February 2013. Additionally, counsel for Laron was aware of the third parties it now seeks to depose, having served subpoenas on each of them in mid-January 2013. Laron's failure to timely pursue depositions is not the result of any failure to disclose or non-disclosure on the part of the Plaintiff, the witnesses are not necessarily trial witnesses, and the Rule 30(b)(6) deposition Laron now seeks are on subjects that appear to be unwarranted, unnecessary and the appropriate topics for a motion for protective order. However, since no notice of deposition has been served, it would be premature for the Plaintiff to guess at the particulars of Laron's Rule 30(b)(6) deposition notice topics.

///

1	Laron replies that Plaintiff does not dispute that the proposed deponents have material relevant
2	information which Laron cannot obtain except by deposition.  Additionally, Plaintiff's opposition does
3	not address the Rule 26(b)(2) factors which favor granting the motion.  Laron argues that the timing of
4	its request to take these depositions is irrelevant because more than two months remain before the
5	discovery cutoff.  Plaintiff has five counsel of record in this case and there is no indication that counsel
6	cannot complete the necessary depositions before the close of discovery.  Counsel for the Plaintiff
7	clearly understood that Defendant would seek to take fifteen to twenty depositions in this case based on
8	information contained in the parties' joint interim status report which was agreed to by the Plaintiff.  If
9	necessary, Defendant would stipulate to extend the discovery deadline for a reasonable period of time if
10	Plaintiff's counsel are all unavailable to complete the depositions requested to prepare this case for trial.
11	Laron argues that Plaintiff's initial damages disclosures are inadequate, and that it will wait to
12	depose certain witnesses until it receives the Plaintiff's initial damages expert disclosures which are due
13	May 13, 2013, so that Laron can adequately depose witnesses on damages issues.  Laron argues it has
14	diligently proceeded with the discovery in this case, and outlines the discovery it has conducted to date.
15	Laron disputes that this was improperly filed as an emergency motion or that it must exhaust all of its
16	available ten depositions before seeking leave to take additional ones.

## DISCUSSION

18	Having reviewed and considered the matter, the court agrees that the complexity of this case
19	warrants more than ten depositions.  Plaintiff's initial disclosures identified seven employee witnesses
20	and Plaintiff has disclosed three experts.  The parties' interim status report clearly contemplated that
21	Laron would take fifteen to twenty depositions, and Plaintiff did not object to this request until shortly
22	before this motion was filed.  This may not have been an "emergency" motion.  However, given El
23	Dorado's recent April 26, 2013, objection to taking more than ten depositions in this case, the June 28,
24	2013, discovery cutoff and the standard briefing period normally allowed to brief a routine discovery
25	motion, it was prudent to request expedited review.  Without expedited review, it is unlikely that the
26	parties would have received a decision from the court in time to attempt to comply with the existing
27	discovery cutoff.
28	The court also agrees that it would be potentially  prejudicial to require Laron to exhaust ten

depositions and then file a motion for additional depositions near the close of discovery. This would require counsel for Laron to guess which of the 15-20 deponents are most knowledgeable to pare the list to 10 and unreasonably compress the time for both sides to complete discovery. Defense counsel does not have access to informal discovery from the Plaintiff employee witnesses and has significantly less information than counsel for Plaintiff on the scope of their anticipated testimony. Laron's motion identifies each witness it is requesting an opportunity to depose, briefly describes why the deposition is needed and represents that it will attempt to pare the list down if other witnesses provide adequate discovery. Counsel for Laron also represents that it will attempt to avoid cumulative and duplicative testimony. Several of the depositions counsel for Defendant is requesting are anticipated to last no longer than a half day.

Under all of these circumstances, the court finds Laron has established good cause to enlarge the ten deposition limit deemed presumptively reasonable by Rule 30. The court fully expects counsel for Laron will honor its commitment to avoid cumulative and duplicative testimony, pare down the number of depositions if other witnesses adequately address the discovery needed, and to schedule and complete these depositions the goal of Rule 1 in mind.

**IT IS ORDERED** that Laron's Emergency Motion to Enlarge Deposition Limit under Fed. R. Civ. P. 30 (Dkt. #57) is **GRANTED**.

Dated this 16th day of May, 2013.

_____
Peggy A. Leen
United States Magistrate Judge